UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN P K.,

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. C23-5062 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

 Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the Administrative Law Judge (ALJ) erred by improperly evaluating the medical opinions of Dr. Dyck and Dr. Nelson, improperly assessing his residual functional capacity (RFC), and rejecting his symptom testimony.[1] Dkt. 16. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

 Plaintiff is 54 years old and has at least a high school education. Admin. Record (AR)

---

[1] Plaintiff filed his complaint in January 2023. Dkt. 1. On May 1, 2023, the Court amended the Scheduling Order for this case and directed Plaintiff to file the Opening Brief no later than May 27, 2023. Dkt. 9. Plaintiff instead filed a Motion for Summary Judgment on May 24, 2023. Dkt. 10. The Court strikes Plaintiff's Motion for Summary Judgment and deems it as constituting Plaintiff's Opening Brief.

27.  In April 2020, Plaintiff applied for benefits, alleging disability as of October 30, 2018.  AR 85–86, 101.  Plaintiff's application was denied initially and on reconsideration.  AR 97, 120.  After the ALJ conducted a hearing in August 2021, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision.  AR 13–83.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Medical Opinion Evidence

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." ! *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(a).  Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources.  *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2).  Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."  *Woods*, 32 F.4th at 792.

#### a. Dr. Dyck

In this case, the ALJ found the medical opinion of Dr. Dyck persuasive.  AR 27.  Plaintiff

contends the ALJ erred in doing so by failing to explain the opinion's supportability. Dkt. 10-1 at 5–6. In finding Dr. Dyck's opinion persuasive, the ALJ explained it was "generally consistent with the record as a whole and with [Plaintiff's] demonstrated functioning." AR 27. The ALJ also explained Dr. Dyck's proposed marked limitations are addressed in the RFC assessment, and that greater restrictions than those included in the RFC "are not supported by the evidence." *Id*. Plaintiff argues that although the ALJ discussed how Dr. Dyck's opinion is consistent with the record, the ALJ erred because she never addressed the medical opinion's supportability.[2] Dkt. 10-1 at 5.

Plaintiff's argument lacks merit and seems to be based on the assumption that an evaluation of a medical opinion is proper only when the ALJ makes both supportability *and* consistency findings. However, this is not the case. *See Woods*, 32 F.4th at 793 n.4 (affirming the ALJ's rejection of a medical opinion based on its inconsistency with the record though it was supported with relevant objective medical evidence and supporting explanations). Plaintiff also takes issue with the ALJ's use of the term "supported" in evaluating Dr. Dyck's opinion because the ALJ "never addressed how Dr. Dyck's opinion was supported by his examination or his discussion of the documents he reviewed." Dkt. 10-1 at 5; AR 27. The Court does not find the ALJ's use of the term "supported" enough to show the ALJ committed error. *See Woods*, 32 F.4th at 793 n.4 (finding no error with the ALJ's use of the term "not supported by" although the ALJ discussed how an opinion was inconsistent with the record). The Court instead construes this as the ALJ making a consistency finding, since the ALJ proceeded to explain how consistent

---

[2] Plaintiff did not object to the merits of the ALJ's consistency finding in his Opening Brief, therefore the Court does not address whether this portion of the ALJ's evaluation is supported by substantial evidence. *Carmickle v. Comm'r SSA*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address an ALJ's finding because the plaintiff "failed to argue th[e] issue with any specificity in his briefing").

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

the opinion was with other evidence in the record. *See* AR 27. And as explained, a consistency finding that is supported by substantial evidence is sufficient under the new regulations, and Plaintiff did not challenge the merits of the ALJ's consistency finding. *See Woods*, 32 F.4th at 793 n.4. Thus, Plaintiff's argument that the ALJ did not comply with the regulations fails.

### b.   Dr. Dyck and Dr. Nelson

Though unclear, Plaintiff also contends the ALJ "misrepresented" the medical opinions of Dr. Dyck and Dr. Nelson by finding that he has "moderate limitations" in the "paragraph B" criteria discussion at step three. Dkt. 10-1 at 7.

At step three, the ALJ evaluates the severity of a claimant's mental impairments by rating his or her level of impairment in the four functional areas under the "paragraph B" criteria. 20 C.F.R. § 404.1520(a)(4)(iii). The four functional areas consist of the following: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3).

Here, the ALJ found Plaintiff has "moderate" limitations in the area of interacting with others. AR 21. The Court does not find that the ALJ misrepresented either the medical opinions of Dr. Dyck or Dr. Nelson in doing so, as the ALJ's determination directly mirrors both of their proposed limitations. *See* AR 108 (Dr. Nelson's "Moderate" rating in Plaintiff's ability to interact with others), 116–117 (Dr. Nelson rating Plaintiff's social interaction limitation as "Moderately limited" or "Not significantly limited"), 588 ("[Plaintiff's] ability to interact with co-workers and the public is likely moderately impaired."). Accordingly, the Court rejects Plaintiff's argument that the ALJ "misrepresented" the physician's opinions.

### 2.   RFC

Plaintiff contends the ALJ's RFC assessment fails to account for the limitations proposed

in Dr. Dyck's and Dr. Nelson's medical opinions, both of which the ALJ found persuasive.  Dkt. 10-1 at 6–8; AR 26–27.

Dr. Dyck opined Plaintiff's "ability to interact with co-workers and the public is moderately impaired" and Plaintiff's ability to deal with usual stress encountered in the workplace is markedly impaired "*if* it involves being around other individuals." AR 588 (emphasis added).  Dr. Nelson opined Plaintiff is moderately limited in his ability to interact with others.  AR 108, 116.  He explained in narrative form that Plaintiff is "[not] well suited to work with the public or closely with coworkers." AR 117.  He further opined Plaintiff "is able to interact for brief periods of time on a superficial basis with others in a work setting." *Id*.  In relevant part, the ALJ found Plaintiff has the RFC to perform light work and though he would "have no contact with the public and have occasional contact with coworkers." AR 22–23.

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).  An ALJ properly assesses a claimant's RFC if the limitations incorporated are consistent, and not necessarily identical, with the opinion of a physician the ALJ found persuasive.  *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

The ALJ's RFC here is consistent with the medical opinions of both Dr. Dyck and Dr. Nelson.  Both doctors opined that Plaintiff would be moderately impaired in interacting with others.  AR 116–17, 588.  By limiting Plaintiff to no contact with the public and occasional contact with coworkers, the ALJ properly addressed their proposed limitations.  *See Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2017) (finding "no obvious inconsistency" between a physician's opinion that a claimant would be "moderately limited" in his interaction with

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 5

coworkers and the ALJ's decision to limit the claimant to work in a "non-public setting, with occasional interaction with coworkers").

To the extent Plaintiff is arguing that the ALJ should have included more restrictions based on Dr. Dyck's opinion that Plaintiff's "ability to deal with the usual stress encountered in the workplace is markedly impaired if it involves being around other individuals," the Court finds the ALJ properly accounted for this as well. AR 27, 588. Given the qualifying "if" in Dr. Dyck's opinion, the ALJ reasonably presumed Plaintiff would only experience such marked difficulties in the event that there are others around. *See* AR 588. The ALJ evidently contemplated this portion of Dr. Dyck's opinion by limiting Plaintiff to little to no interaction with both the public and coworkers. *See* AR 22–23. Accordingly, the Court finds the ALJ properly accounted for both the medical opinions of Dr. Dyck and Dr. Nelson in the RFC assessment.

### 3. Plaintiff's Symptom Testimony

Plaintiff testified he is unable to work because of pain in his back and issues with his neck. AR 52–60. He explained he experiences numbness from his buttocks to his calf when sitting, numbness in his arm, and back spasms. AR 54, 60. He stated he has taken medications, has had steroid injections for his back, undergone surgeries, and participated in physical therapy. AR 55–60. He explained surgery has resolved the numbness in his arm, but his neck remains painful and he cannot move his head. AR 59. He also stated surgery has helped his back issue but only for a limited amount of time, and he has found medication and physical therapy not completely effective. AR 56–57, 60. He stated he can walk or stand for about 30 to 45 minutes before he has to sit down, and sit for only 30 to 45 minutes. AR 63–64. Plaintiff also testified to having attention deficit disorder (ADD) and issues with concentration. AR 64, 69.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 6

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In discounting Plaintiff's testimony regarding his symptoms, the ALJ pointed to "objective findings" and explained they did not provide "strong support for [Plaintiff's] allegations of disabling symptoms and limitations." AR 24. The ALJ also cited treatment notes showing Plaintiff's improvements. AR 24–25. Both are valid reasons to reject a claimant's testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (holding that "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits"). However, the Court cannot say the entirety of the ALJ's rationale is supported by substantial evidence.

The ALJ reasonably rejected Plaintiff's testimony about his mental health symptoms. AR 25–26. The evidence the ALJ relied on shows Plaintiff continuously had normal mental status examinations, with findings of normal affect and mood, intact memory, and no decreased attention. AR 388, 390, 456, 485, 492, 498, 505, 576, 595, 609, 617, 620, 630, 633, 640, 641, 643, 678–79, 685, 754, 762, 821–22, 832, 841, 850, 855, 859, 864. The ALJ also reasonably

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

rejected Plaintiff's testimony regarding his neck, as the evidence the ALJ relied on show these symptoms improved from treatment. AR421–22 ("The patient appears motivated and is able to perform exercises correctly with no change in pain. The patient's progress towards goals is good and his tolerance to treatment is good."), 465 ("Patient states his neck is doing good. Patient feels his [range of motion] is good, had a kink in his neck that hurt for a few weeks but feeling better now."), 605 ("He has seen some improvement in his neck pain since his last visit after stretching and popping his neck."), 828 ("He states his pain in his neck has been mildly improved."). Normal mental status examinations and reports of improvement undermine statements about Plaintiff's ADD, concentration difficulties, and neck pain, therefore the ALJ reasonably rejected this portion of Plaintiff's testimony.

However, the ALJ erred in rejecting Plaintiff's testimony about his back pain, as the evidence the ALJ cited are neither inconsistent with Plaintiff's statements nor do they convincingly show his symptoms improved. The record shows that after Plaintiff underwent surgeries for his back and spine, he continued to have tailbone pain, even with physical therapy and medication. AR 381 (continued reports of shoulder pain and tailbone pain from May 2019 to August 2019), 441–53 (Plaintiff being discharged in June 2019 after six sessions in physical therapy for tailbone pain because Plaintiff had plateaued and "had no progress or change in condition."), 609, 832. The ALJ pointed out Plaintiff's gait was normal, he was able to walk on his toes, and had almost full strength in his lower extremities, but his lumbar range of motion remained limited. AR 605, 832, 873. The records also show Plaintiff was recommended to undergo a trial treatment because his previous treatments were ineffective. AR 610, 832. Plaintiff did report some improvement in his arm pain, but this particular improvement was testified to by Plaintiff during the hearing and thus not contradictory. AR 59, 462, 465.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 8

Overall, the ALJ appropriately rejected some, but not all, of Plaintiff's testimony. Based on the evidence cited by the ALJ, it was reasonable to reject Plaintiff's statements regarding the severity of his mental health symptoms and neck pain, but the same cannot be said about Plaintiff's statements regarding his back pain. Accordingly, the Court finds the ALJ partially erred.

### 4. Scope of Remedy

Plaintiff argues the Court remand this matter for an award of benefits, or alternatively, for a new hearing. Dkt. 10-1 at 13. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Only the first step is met here, as the Court has found the ALJ erred in the evaluation of

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9

Plaintiff's symptom testimony. Such an error necessarily affects Plaintiff's RFC. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). The assessment of Plaintiff's RFC is within the purview of the ALJ, therefore the Court is precluded from moving to the third step of the credit-as-true framework. *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("[T]he district court must 'assess whether there are outstanding issues requiring resolution *before* considering whether to hold that [the rejected evidence] is credible as a matter of law.'") (quoting *Treichler*, 775 F.3d at 1105). Accordingly, the Court finds remanding for further proceedings is the more appropriate remedy.

On remand, the ALJ shall reevaluate Plaintiff's testimony regarding his back pain, and reassess Plaintiff's RFC and all relevant steps of the disability evaluation process. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 7th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE